IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      *Plaintiff,*<br><br>v.<br><br>SETH HOLLERICH,<br><br>      *Defendant.* | Criminal No. 2:22-cr-225 - 1<br><br>Hon. William S. Stickman IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

Following a detention hearing on September 14, 2022, Magistrate Judge Patricia L. Dodge denied the Government's request that Defendant Seth Hollerich ("Hollerich") be detained pending trial and entered an amended order setting his conditions of release.[1] (ECF Nos. 45, 64, 65 and 67). After production of the detention hearing transcript on September 27, 2022 (ECF No. 68), the Government filed a Motion for Revocation of Release Order on October 6, 2022, seeking *de novo* review of the amended order of pretrial release. (ECF No. 69). The Court has undertaken a *de novo* review of the transcript from the September 14, 2022, detention hearing, as well as the parties' arguments in their respective pleadings (ECF Nos. 69, 70 and 72) and the evidence of record.[2] Having conducted its independent review of the record and considered the

---

[1] Hollerich was initially charged via Criminal Complaint on November 10, 2021. The Government agreed at a November 23, 2021, detention hearing to forgo its detention request with the understanding that certain release conditions be imposed. Once a grand jury returned a three-count indictment against Hollerich on August 31, 2022, the Government filed a renewed request for detention. (ECF Nos. 2, 13, 26, 28, 52, 58).

[2] A District Judge reviews the decision of a Magistrate Judge granting or denying bail *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). It retains the discretion to make its determination after reviewing the record developed before the Magistrate Judge or to accept

1

arguments proffered by the parties, the Court respectfully reaches a different conclusion. For the following reasons, the Court will vacate the Amended Order Setting Conditions of Release. (ECF No. 67). Hollerich will be detained pending trial.

## I.   STANDARD OF REVIEW

For defendants charged with certain offenses enumerated in 18 U.S.C. § 3142(e)(3)(E), the Bail Reform Act sets a presumption in favor of detention. Included among the enumerated offenses are crimes against children, including the distribution of material depicting the sexual exploitation of a minor. *See* 18 U.S.C. § 3142(e)(3)(E). The grand jury returned an Indictment charging Hollerich with two counts of Distribution of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(2) (Counts One and Two), and one count of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2) (Count Three). Therefore, a rebuttable presumption exists that no condition or combination of conditions will reasonably assure the appearance of Hollerich as required and reasonably assure the safety of the community from the commission of further crimes by him. *See* 18 U.S.C. § 3142(e)(3). The parties do not dispute this point. (ECF No. 70, p. 11); (ECF No. 72, p. 2).

To rebut this initial presumption, the burden is on Hollerich to produce some credible evidence that he will appear and will not present a threat to the community. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). Even if he satisfies his initial burden of production to rebut the presumption against release, it does not completely eliminate the presumption favoring detention from further consideration; rather, it remains a factor to be considered among

---

additional evidence from the parties and rule on an expanded record. *See* 18 U.S.C. § 3142(f)(2)(B). As neither party requested a hearing for the presentation of new evidence, the Court finds that the appeal can be decided on the existing record.

those weighed by this Court. However, rebuttal of the initial presumption against detention shifts the burden to the Government to demonstrate by clear and convincing evidence that Hollerich is a danger to the community, and/or by the lesser standard of a preponderance of the evidence, that he is a flight risk. *See United States v. Perry*, 788 F.2d 100, 115 (3rd Cir. 1986) ("The clear and convincing standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness.").

In making its determination of whether there are conditions or a combination of conditions of release that will reasonably assure the appearance of Hollerich and the safety of the community, the Court must weigh the evidence in light of the four factors set forth in 18 U.S.C. § 3142(g). The four factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against Hollerich; (3) the history and characteristics of Hollerich; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Hollerich's release. 18 U.S.C. § 3142(g).

## II. ANALYSIS

### A. Hollerich has not rebutted the presumption of detention.

The Court must make the initial determination of whether Hollerich has proffered sufficient evidence to rebut the initial presumption against pretrial release. Hollerich is charged with the possession and distribution of child pornography. These are inherently insidious offenses. *United States v. MacEwan*, 445 F.3d 237, 249–50 (3d Cir. 2006). The United States Supreme Court has commented on the severity of child pornography offenses, stating that "[c]hild pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008). Likewise, the United States Court of Appeals for the Third Circuit has noted that "congressional findings ... repeatedly stress that child pornography 'is a

form of sexual abuse which can result in physical or psychological harm, or both, to the children involved.'" *MacEwan*, 445 F.3d at 249 (citation omitted). "[T]he mere existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." *Id.* at 250 (internal quotations and citation omitted). Furthermore, child pornography "inflames the desires of ... pedophiles ... who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as the result of the existence and use of these materials." *Id.*

The conduct charged against Hollerich confirms Congress's assessment of the insidiousness of child pornography crimes. The Government presented substantial evidence showing that Hollerich both possessed and distributed material depicting the sexual abuse of children—many of whom were very, very young. Indeed, a substantial number of images depict the abuse of prepubescent children. Some depict the abuse of infants and toddlers—some as young as two to three years old. Hollerich admitted that he is sexually interested in children of that age and has masturbated to images and videos depicting their abuse. He further admitted that he has done so off and on for seven years. Hollerich's offenses were not isolated incidents. Moreover, Hollerich was an active participant in the distribution of such images. (ECF No. 70-1, pp. 12-24). He invited other members of a Tumblr community to chat or trade such images and stated that he loved "little cuties and jail bait" and that he "love[d] to watch [his] cock squeezing in them." (*Id.* at p. 24). Hollerich's conduct confirms the depravity of these type of offenses, illustrates their inherently violent nature, and highlights the purpose of the presumption of detention.

The presumption of pretrial detention for child pornography may be rebutted if the defendant can produce "some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *Carbone*, 793 F.2d at 560. The evidentiary burden of rebutting the presumption has been interpreted as being "relatively light." *United States v. Griffin*, No. CRIM 07-02 ERIE, 2007 WL 510140, *2 (W.D. Pa. Feb. 12, 2007). Hollerich offered the following to rebut the presumption of detention: stable employment history at a restaurant, Castle Tavern South, for nine years; a stable home situation; lack of a significant criminal record; appearance for court proceedings and time spent on release (since November of 2021); participation in mental health treatment; letters (from his employer, a former co-worker, and his fiancée's sister) demonstrating community support;[3] and a third-party custodian, his fiancée, Tiffany Lovejoy ("Ms. Lovejoy"), with whom he resides and has a newborn.

Although the evidence presented by Hollerich is certainly probative of his general history and characteristics, rebuttal of the presumption of dangerousness requires a showing that Hollerich's criminality is a thing of the past. *See e.g., United States v. Perry*, 788 F.2d 100, 114) (3d Cir. 1986) ("the dangerousness determination involves a prediction of the detainee's likely future behavior. Such a prediction explores not the external world of past events but the inner territory of the detainee's intentions. By its very nature such a prediction is a far more speculative and difficult undertaking than the reconstruction of past events."); *United States v. Santiago-Pagan*, Criminal No. 1:08-CR-0424-01, 2009 WL 1106814, *5 (M.D. Pa. April 23, 2009) (noting that "rebuttal of the presumption of dangerousness requires a showing that defendant's criminality is a thing of the past."); *United States v. Terron*, Criminal No. 3:18-CR-00413, 2020 WL 2404618, *7 (M.D. Pa. May 12, 2022) ("The record before the Court does not

---

[3] The Court thoroughly reviewed the letters, admitted as exhibits A through C (ECF No. 70-1, p. 48), which speak to Hollerich's many positive attributes.

5

reflect that [the defendant] has respect for the law, personal reliability, or that his criminality is a thing of the past."); *United States v. Williams*, Criminal No. 3:18-CR-00153, 2020 WL 209318, *4 (M.D. Pa. May 1, 2020) ("The record before the Court does not reflect that [the defendant] has a respect for the law, personal reliability, or that his criminality is a thing of the past."); *United States v. McKnight*, 2:20-cr-266-5, 2021 WL 615211, *5 (W.D. Pa. Feb. 17, 2021) (finding that evidence proffered "does not suggest in any way that his 'criminality if a thing of the past,'" and noting that defendant committed the "alleged crimes while residing in the same home, with the same family members, while filling the same caregiver role, and with the same medical and health conditions that he currently has. He has [ ] provided no evidence that would suggest that his criminal conduct was an aberration, or that something has changed to make him more personally reliable or have a respect for the law.").

The record shows that Hollerich's conduct after being charged and while under supervision cannot support his position, and it undermines his contention that he has rebutted the presumption of detention. The Government presented evidence that on June 28, 2022—after being charged and while under supervision—Hollerich accessed anime child pornography depicting minor males and females engaged in various sex acts with other minors and adults from his cell phone. (ECF No. 70-1, pp. 25-26, 31). This demonstrates a willingness to continue to access child pornography even after being placed on supervision. It also highlights an unwillingness or inability to refrain from such conduct, even where the Court imposed strict limitations on Hollerich's behavior, and even in light of the looming risk of being caught incidental to ongoing pretrial supervision. The record also shows that Hollerich used his fiancée's cell phone to communicate with a minor family member, contrary to the express conditions of his supervision. While Hollerich has proffered a benign reason for the

communication, he does not have the authority to, *sua sponte*, determine which conditions to follow and which to ignore.

The evidence Hollerich points to in favor of release does not rebut the presumption of detention. The Court recognizes that Hollerich's burden is not high—but the evidence he relies upon must be probative of the twin considerations of whether he is a flight risk and whether he poses a danger to the community. Hollerich's evidence fails on the latter point. The fact that he has long standing employment, a stable living arrangement and the support of family and friends is not evidence—in light of the peculiar nature of his charged offenses—that he does not pose further danger to the community. Indeed, the record shows that he had all of those while engaging in the criminal conduct charged. He has proffered no evidence that would suggest that the situation is any *different* now. Hollerich did not demonstrate to the Court's satisfaction that the suggested conditions of pretrial release would actually prevent him from obtaining an electronic device with access to the internet and consuming and/or distributing more child pornography. Rather, the record only highlights his failure to cease using such devices while under the existing conditions of release and the difficulty of preventing him from doing so in the context of his particular living arrangement. Further, far from rebutting the presumption of detention, evidence adduced by Hollerich highlights the danger he poses to the community—he now has an infant child who lives with him and sleeps in his bedroom. Hollerich has admitted to being sexually aroused by children as young as toddlers. The Court finds it an incredible stretch to believe that Hollerich's conduct will be monitored *at all times* so as to assure the minor's, and the public's, safety.

After consideration of the evidence and arguments of counsel, the Court concludes that the evidence presented by Hollerich fails to rebut the initial presumption that no condition or

combination of conditions would reasonably ensure the safety of the community. Detention is, therefore, mandated.

> **B. No condition or combination of conditions will assure the safety of any other person or the community.**

In the alternative, even if Hollerich had rebutted the presumption, the Court's conclusion would be the same because the Government proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. First, as already discussed, the nature of the crime weighs heavily against release. 18 U.S.C. § 3142(g)(1). Second, the weight of the evidence supporting the Indictment is strong. 18 U.S.C. § 3142(g)(2). Hollerich distributed multiple images of child pornography on Tumblr and other file sharing sites, and he possessed hundreds of such images and videos, including images and videos depicting the sexual abuse of infants and toddlers. During an interview with law enforcement, Hollerich admitted to distributing and possessing child pornography. He further admitted to masturbating and ejaculating to child pornography, including that of toddlers and infants. (ECF No. 70-1, pp. 15-23). Hollerich is facing a mandatory minimum of five years' incarceration at both Counts One and Two of the Indictment. (ECF No. 53). Thus, the weight of the evidence weighs heavily against Hollerich's release.

With respect to Hollerich's history and characteristics, it is certainly commendable that he has no criminal history other than a 2015 disorderly conduct conviction, has maintained employment and community ties, has the support of his fiancée, is in treatment for depression (with suicidal ideations), and has abstained from using marijuana. These factors weigh in favor of release, and clearly formed the basis for the Government initially agreeing to Hollerich's release.

Nevertheless, while Hollerich can point to favorable personal characteristics, the record contains other facts that warrant grave concern as to his suitability for pretrial supervision. For example, Hollerich admitted to law enforcement officers that he possessed child pornography material, on and off, for about seven years. The fact that he had been able to avoid detection and hide his behavior from his family, friends and fiancée for so long evinces his intelligence and cunning. Further, the record demonstrates that Hollerich viewed computer generated images depicting the sexual abuse of minors while on release and, but for a check of his cell phone, this aberrant conduct might have gone unnoticed. The Court is highly skeptical of Hollerich's argument that looking at anime is not a crime because it is computer-generated child pornography. It may not be child pornography per se, but it is still illegal under other statutes. *See* 18 U.S.C. § 1462 (criminalizing the knowing use of an "interactive computer service" "for the carriage in interstate or foreign commerce" of "obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character"); 18 U.S.C. §1466A(b) (defining the crime of engaging in the business of selling or transferring obscene matter, and criminalizing obscene visual representations of the sexual abuse of children); *See, e.g., United States v. Whorley*, 550 F.3d 326 (4th Cir. 2008) (defendant charged with downloading obscene Japanese anime cartoons and other child pornography). Regardless, his decision to view such materials after being charged shows an irresistible predilection to images of young children in sexual situations and is highly probative of the likelihood that he will recidivate. Hollerich already found a way to evade the terms of release to satisfy his sexual interest.

The final factor of § 3142 poses the ultimate question - the nature and seriousness of the societal danger posed by Hollerich's release. 18 U.S.C. § 3142(g)(4). This requires the Court to

assess the totality of the evidence presented. The Court is cognizant of the fact that Hollerich has been on pretrial release for a year.[4] Nonetheless, he is charged with serious offenses involving vulnerable minor victims. Although no evidence exists that he molested or physically abused a child, the Court is nonetheless troubled that a minor is now residing in the home with Hollerich and sharing his bedroom. This child is not much younger than the toddlers depicted in the images Hollerich possessed. Probation Officer Leah Masciantonio admitted at the detention hearing that Pretrial Services could not assure, with certainty, that Hollerich would not have unsupervised access to the minor. The Court is further troubled by Hollerich's contact with a minor and viewing of anime child pornography on a cell phone while on release. Pretrial Services cannot ensure that Hollerich would not be able to use his fiancée's, or another's, electronic devices or obtain a contraband phone through which he could access the internet with impunity. (ECF No. 70-1, pp. 31-33). Hollerich leaves the home for his employment. He knows the Wi-Fi password for the home, and Ms. Lovejoy admitted that she does not keep all of her devices with her at all times in the home. (*Id.* at p. 43). The internet applications that Hollerich has alleged to have used to view and distribute child pornography are accessible from any computer, smartphone, smart television, and even game console. It is difficult to conceive of measures that would ensure that Hollerich could not communicate with others and encourage the distribution of child pornography.

   Lastly, the Court concurs with the Government that Ms. Lovejoy, Hollerich's fiancée and mother of his child, is not an appropriate third-party custodian. She has known Hollerich for six years. When asked how his pending criminal charges affected their relationship, she testified, "It

---

[4] Defense counsel represented that after the filing of the Criminal Complaint, the parties engaged in "several months of negotiations as to a resolution of Mr. Hollerich's case," but the parties were unable to reach a proposed resolution and the Government then filed an Indictment against Hollerich. (ECF No. 72, p. 2).

hasn't. It really hasn't. We're still, you know, together. We're going to raise our child, and it really hasn't changed much." (*Id.* at pp. 38-39). Ms. Lovejoy has an interest in not disclosing Hollerich's violations of release conditions as she would risk losing emotional co-parenting support and the financial support Hollerich provides (i.e., half of the house and half of the utilities (*Id.* at p. 38)) for the home they purchased in February 2022. She admitted that she never monitored Hollerich's cell phone, and he was viewing computer animated images of child pornography while living with her on pretrial release. (*Id.* at pp. 43, 45). Ms. Lovejoy has never monitored any of Hollerich's devices, and she was seemingly unaware of his criminal proclivities. The Court has no confidence that she will monitor Hollerich and report violations. Despite her testimony to the contrary, the Court is highly skeptical that she would actually upend her household. Relying on Ms. Lovejoy as third-party custodian is unacceptable to the Court.

For these reasons, the Court finds that no combination of conditions will reasonably assure the safety of the community if Hollerich remains on bond pending trial. It is convinced of his continuing dangerousness.[5] Detention pending trial is appropriate.

### III. CONCLUSION

After consideration of the entire record and arguments of the parties, the Court concludes that Hollerich failed to rebut the initial presumption that no condition or combination of conditions would reasonably ensure the safety of the community if he remained on bond. This alone warrants detention. However, the Court's examination of the materials before it leads it to the conclusion that, even if Hollerich had rebutted the presumption, the Government, by clear and convincing evidence, persuaded it that no condition or combination of conditions would

---

[5] The Court is somewhat persuaded by the Government's argument that Hollerich's suicidal ideations make him a flight risk. (ECF No. 70-1, p. 60). However, Hollerich has been on pretrial release for a year and not fled. He has appeared for all court proceedings. These facts mitigate against the Court finding that he is a flight risk.

11

reasonably ensure the safety of the community. The Government's motion will be granted, and Hollerich will be detained pending trial. An Order of Court will follow.

BY THE COURT:

*[signature]*

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

11-8-2022
Date